1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| OLGA ZAMORA, Guardian ad litem for Maria Zamora, and JOSE ZAMORA, Guardian ad litem for Omar Zamora and Edgar Zamora,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, ANTHONY BATTS, CITY OF SAN FRANCISCO and GEORGE GASCÓN,<br><br>Defendants. | Case No. 12-cv-02734 NC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE FIRST AND SECOND CAUSES OF ACTION**<br><br>Re: Dkt. No. 31 |

Pending before the Court is a motion for summary judgment by defendants City of San Francisco and George Gascón on plaintiffs' claims under 42 U.S.C. § 1983 and state law arising out of the execution of a search warrant at plaintiffs' residence. The primary issues addressed in this order are (1) plaintiffs' request that the Court deny the summary judgment motion or allow additional time to take discovery based on Federal Rule of Civil Procedure 56(d); and (2) defendants' contention that plaintiffs have failed to raise a genuine issue of material fact that the officers' conduct was pursuant to an unconstitutional policy or custom as required to hold the City liable under § 1983. For the reasons set forth below, the Court DENIES plaintiffs' request for relief under Rule 56(d), GRANTS the summary

1  judgment motion as to the § 1983 claims, and takes the motion under submission as to the

2  state law claims, pending the parties' briefing as to whether the Court should decline to

3  exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(c).

## I. BACKGROUND

5       This case arises from a "night service," "no-knock" search warrant executed by San

6  Francisco Police Department officers at plaintiffs' residence in March 2011.  Dkt. Nos. 32-

7  6; 32-8 at 10, 26-27.  Plaintiffs Olga and Jose Zamora, in their individual capacities and

8  acting as guardian ad litem for their children Maria, Omar, and Edgar Zamora, initiated this

9  action in the Alameda County Superior Court on March 22, 2012, suing the City of

10 Oakland, Anthony Batts, as Chief of Police of the Oakland Police Department, the City of

11 San Francisco, George Gascón, as Chief of Police of the San Francisco Police Department,

12 and Does 1-100.  Dkt. No. 1 at 5.  Plaintiffs alleged that they endured "unreasonable seizure

13 of Plaintiffs' persons, excessive force, false arrest during a search warrant execution,

14 unlawful gunpoint detention, seizure of a minor, the lack of probable cause to issue a search

15 warrant and/or execute a search, police brutality, police misconduct, battery, violation of the

16 Bane Act, violation of California Civil Code Section 43, and negligence." *Id.* at 6.

17 Plaintiffs asserted five causes of action against all defendants, including claims under 42

18 U.S.C. § 1983 for excessive force and denial of medical care, violation of the Bane Act,

19 California Civil Code § 52.1, and two common law claims for battery and negligence.  *Id.* at

20 13-20.  The complaint states that defendants Batts and Gascón are sued in both their

21 individual and official capacities.  *Id.* at 8-9.  Plaintiffs did not name any other individual

22 defendants.

23      On May 29, 2012, the defendants who had been served—the City of Oakland, City

24 of San Francisco, and George Gascón —removed the case to this Court based on federal

25 question jurisdiction.  *Id.* at 1-4; 28 U.S.C. § 1331; 42 U.S.C. § 1983.  On August 29, 2012,

26 the Court held a case management conference and issued a scheduling order, setting a

27 deadline of October 31, 2012 to amend the pleadings and add parties, and a deadline to

28 complete all non-expert discovery by June 7, 2013.  Dkt. No. 24.  Trial was scheduled for

1   September 16, 2013. *Id.* The Court noted that plaintiffs had not yet served defendant Batts,

2   and ordered them to do so by September 19, 2012. *Id.*

3       On May 31, 2013, the parties filed a stipulation pursuant to Federal Rule of Civil

4   Procedure, Rule 41(a)(1) dismissing the action as to the City of Oakland. Dkt. No. 30.

5   While the stipulation only refers to defendant City of Oakland, at the hearing on the motion

6   for summary judgment plaintiffs' counsel represented that plaintiffs have not served Batts,

7   that they are no longer pursuing this action against him, and that the intent of the stipulation

8   was to dismiss the action as to him as well.

9       On June 27, 2013, the remaining defendants, the City of San Francisco and George

10  Gascón, moved for summary judgment. Dkt. No. 31. Plaintiffs filed an opposition to

11  defendants' motion, including a request under Federal Rule of Civil Procedure 56(d) that

12  the Court deny defendants' motion for summary judgment or allow additional time to take

13  discovery. Dkt. No. 33. As ordered by the Court, plaintiffs provided a supplemental

14  declaration to support their Rule 56(d) request, and defendants filed a response to that

15  declaration. Dkt. Nos. 36-39. On August 6, 2013, the night before the hearing on

16  defendants' motion for summary judgment, plaintiffs filed a motion for leave to file an

17  amended complaint "to include the names of all of the police officers directly involved in

18  occupying Plaintiffs' residence." Dkt. No. 40.

19      This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367. The parties consented

20  to the jurisdiction of a magistrate judge under 29 U.S.C. § 636(c). Dkt. Nos. 4, 13, 15.

21                          **II. LEGAL STANDARD**

22      Summary judgment may be granted only when, drawing all inferences and resolving

23  all doubts in favor of the nonmoving party, there are no genuine issues of material fact and

24  the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex*

25  *Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under governing

26  substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*,

27  477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is

28  such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Bald

1  assertions that genuine issues of material fact exist are insufficient.  *Galen v. Cnty. of Los*

2  *Angeles*, 477 F.3d 652, 658 (9th Cir. 2007).

3      The moving party bears the burden of identifying those portions of the pleadings,

4  discovery, and affidavits that demonstrate the absence of a genuine issue of material fact.

5  *Celotex*, 477 U.S. at 323.  Once the moving party meets its initial burden, the nonmoving

6  party must go beyond the pleadings and, by its own affidavits or discovery, set forth

7  specific facts showing that a genuine issue of fact exists for trial. Fed. R. Civ. P. 56(c);

8  *Ruffin v. Cnty. of Los Angeles*, 607 F.2d 1276, 1280 (9th Cir. 1979).  All reasonable

9  inferences, however, must be drawn in the light most favorable to the nonmoving party.

10 *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

11                          **III. DISCUSSION**

12 **A.    Plaintiffs' Rule 56(d) Request**

13     As a preliminary matter, the Court addresses plaintiffs' argument that they cannot

14 present facts essential to justify their opposition to defendants' motion for summary

15 judgment.  Dkt. No. 33.  Plaintiffs request that the Court deny the summary judgment

16 motion or allow additional time to take discovery based on Federal Rule of Civil Procedure

17 56(d) (providing that the Court may issue any appropriate order "[i]f a nonmovant shows by

18 affidavit or declaration that, for specified reasons, it cannot present facts essential to justify

19 its opposition.").

20     A party seeking relief under Rule 56(d) must show "(1) that they have set forth in

21 affidavit form the specific facts that they hope to elicit from further discovery, (2) that the

22 facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary

23 judgment motion."  *State of Cal., on Behalf of California Dep't of Toxic Substances Control*

24 *v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).[1]  The burden is on the party seeking

25 additional discovery to proffer sufficient facts to show that the evidence sought exists, and

26

27 _____

[1]  Rule 56(d) was formerly Rule 56(f).  Precedent under Rule 56(f) applies to Rule 56(d).  *Brocade*
28 *Commc'ns Sys., Inc. v. A10 Networks, Inc.*, 843 F. Supp. 2d 1018, 1027 n.3 (N.D. Cal. 2012).

that it would prevent summary judgment.  *Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995) (citation omitted); *see, e.g., Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006) (holding that district court did not abuse its discretion by denying request for a continuance under Rule 56(f) where plaintiff did now show that additional discovery would have revealed specific facts precluding summary judgment).  The court may deny further discovery if the movant has failed diligently to pursue discovery in the past.  *Conkle*, 73 F.3d at 914.

Here, plaintiffs' opposition and supporting declaration by counsel generally assert that the City of San Francisco has failed to produce documents, including audiotapes, videotapes, and photographs of the incident, and has also refused to make available for deposition any of the SFPD officers directly involved in the incident.  Dkt. Nos. 33 at 7-8; 33-1.  Because these assertions are insufficient to establish the existence of facts "essential" to plaintiffs' opposition, or that they were diligent in pursuing discovery, the Court permitted plaintiffs to file a supplemental declaration in support of their Rule 56(d) request. Dkt. No. 36.

The supplemental declaration submitted by plaintiffs' counsel makes the conclusory assertion that plaintiffs "timely noticed the depositions," without specifying when those requests were made.  Dkt. No. 37 at 2.  The declaration also states that the City of San Francisco has failed to produce the following categories of documents: (1) photographs and video recordings referred to in incident reports; (2) a "Certified Incident Recall Dispatch" and "Suspect and Witness Audio Statements" referred to as exhibits "To Be Inserted" on two placeholder pages of the City of Oakland's initial disclosures; and (3) municipal policies.  Dkt. Nos. 37; 37-1.  The declaration further states that this discovery is essential because "it is clear" that it "would contain admissible evidence with respect to defendant's municipal polices, the details of the deponents' involvement in the incident, and any irregularities and violations committed as well."  Dkt. No. 37 at 5.  The declaration relies on a document titled "incident report" which refers to "digital photos and a digital video recording" of damage caused by the SFPD in executing the warrant.  Dkt. No. at 37-1 at 3.

With respect to these materials, plaintiffs' counsel submits that "not having seen them I have no idea what they might in fact depict, or what else may be shown in either." Dkt. No. 37 at 3. A document titled "incident report statement" also refers to photographs of the damage and "post operations video." Dkt. No. at 37-1 at 6. In addition, plaintiffs' counsel speculates that, because the City of Oakland produced various municipal policies, he "can only surmise" that the City of San Francisco must have "similar" documents. Dkt. No. 37 at 4-5.

In response to plaintiffs' assertions, defendants filed a declaration by their counsel which states that plaintiffs made no effort to notice depositions until three weeks before the close of discovery, June 7, 2013. Dkt. No. 39. The declaration further explains that, while plaintiffs requested photographs and video recordings in late April 2013, it wasn't until May 2013 that defendants realized plaintiffs wished to receive the photographs of the physical damage. *Id.* According to the declaration, and as confirmed by defendants' counsel at the summary judgment hearing, the SFPD does not have any such photographs or videos in their possession, custody, or control. *Id.*

The Court finds that, on this record, plaintiffs have failed to meet their burden in justifying relief under Rule 56(d). First, plaintiffs have provided no reason why they waited more than a year since the filing of the case and until three weeks before the discovery cut-off to notice the depositions of the officers involved in the incident, especially where their names appeared on the incident reports produced by the City of Oakland as part of its initial disclosures in this case. Dkt. Nos. 37 ¶¶ 7-8; 37-1 at 1-6. Likewise, if plaintiffs believed that defendants were withholding relevant municipal policies and other documents related to the incident, they have not explained why they did not move to compel or seek to extend the discovery deadline before it expired and before defendants moved for summary judgment. Plaintiffs thus have not shown that they have been diligent in pursuing the discovery they now claim is essential to their case. A party's failure to conduct diligent discovery is not cured by belated attempts to secure discovery after the cutoff date, and could be a basis to deny relief under Rule 56(d). *See, e.g.*, *Cornwell v. Electra Cent. Credit*

*Union*, 439 F.3d 1018, 1026-27 (9th Cir. 2006) (district court did not abuse its discretion in denying request to reopen discovery to obtain highly probative testimony where counsel made a strategic decision not to preserve that testimony in the pretrial record); *Bank of Am., NT & SA v. PENGWIN*, 175 F.3d 1109, 1117-18 (9th Cir. 1999) (party's failure to timely move to compel discovery, despite knowing about other party's refusal to produce documents, was grounds to not allow additional discovery under Rule 56(f)); *Hauser v. Farrell*, 14 F.3d 1338, 1340-41 (9th Cir. 1994) (denial of Rule 56(f) motion proper in light of failure to depose witness during the twenty-seven months between the start of litigation and the close of discovery).

Second, plaintiffs have failed to set forth the facts they hope to elicit.  While plaintiffs generally assert that deposing officers and obtaining photographs and video recordings related to the incident would provide further details about the incident, no showing has been made that any such details are essential in opposing the motion for summary judgment.  To the contrary, because the motion relies on plaintiffs' version of the events, it is unclear why plaintiffs would need any documents or testimony by the officers to oppose the motion.  *See* Dkt. No. 34 at 4; *P.A. on behalf of ELA v. United States*, No. 10-cv-2811 PSG, 2013 WL 3864452, at *6 (N.D. Cal. July 24, 2013) (denying relief under Rule 56(d), and observing that "Plaintiffs give no clue as to what admissions they hope to gain from the agents to counter Defendants' motion, which is not obvious to the court considering Defendants do not rely on agent statements to dispute Plaintiffs' testimony of their encounters with the agents.").  With respect to the remaining documents sought by plaintiffs, there is no showing that the evidence actually exists or that it would prevent summary judgment.  As plaintiffs concede, the incident reports indicate that the photographs and videos were taken of the property damage related to the incident.  Even if such materials were available, which does not appear to be the case based on the uncontroverted representations of defendants' counsel, plaintiffs have not shown how they would be essential to opposing the pending motion for summary judgment.  Plaintiffs' speculation about the existence of municipal policies is also insufficient to support their Rule 56(d) request, especially where there is no

showing made of the specific facts that plaintiffs hope to elicit to defeat summary judgment. "Denial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation." *State of Cal., on Behalf of California Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779-80 (9th Cir. 1998) (quoting *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991)).

In light of the lack of specificity and failure to demonstrate diligence, plaintiffs' request under Rule 56(d) appears to be a classic example of a fishing expedition that would lead to an unjustified delay in the disposition of this case. *See Keebler Co. v. Murray Bakery Products*, 866 F.2d 1386, 1389 (Fed. Cir. 1989) ("If all one had to do to obtain a grant of a Rule 56(f) motion were to allege possession by movant of 'certain information' and 'other evidence', every summary judgment decision would have to be delayed while the non-movant goes fishing in the movant's files. . . . 'Summary judgment need not be denied merely to satisfy a litigant's speculative hope of finding some evidence [through discovery] that might tend to support a complaint.'" (citations omitted)).  Accordingly, plaintiffs' Rule 56(d) request is denied, and the Court will proceed on the merits of the summary judgment motion.

**B.    Plaintiffs' Claims under 42 U.S.C. § 1983 against the City**

The first issue raised in defendants' motion for summary judgment is whether plaintiffs have demonstrated that a genuine issue of fact exists for trial to hold defendants liable under 42 U.S.C. § 1983.  Plaintiffs allege two causes of action under § 1983, for excessive force and denial of medical care, seeking to hold the City liable for the actions of officers who were not named as defendants in this case.  Dkt. No. 1 at 13-17.  Defendants argue that summary judgment should be granted on these claims in favor of the City because plaintiffs have failed to develop any evidence during discovery that would substantiate a *Monell* claim.

It is well established that "a municipality cannot be held liable *solely* because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436

U.S. 658, 691 (1978).  For the City to be liable under § 1983, a municipal "policy or custom" must have caused the constitutional injury.  *Id.* at 694.  "A policy can be one of action or inaction."  *Waggy v. Spokane Cnty. Washington*, 594 F.3d 707, 713 (9th Cir. 2010) (citations omitted).  "[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality," however; "[t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged."  *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997).  Municipal liability under § 1983 may be established in any one of three ways: (1) "the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity"; (2) "the plaintiff may establish that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy"; or (3) "the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it."  *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (citations and internal quotation marks omitted).

In their complaint, plaintiffs allege that the City of San Francisco has "condoned an ongoing pattern of brutality" committed by its officers, and that it has "maintained or permitted one or more of" of a list of "official policies, customs, or practices," including an alleged failure to provide adequate training and supervision, and failure to discipline, among others.  Dkt. No. 1 at 12.  Despite having had the opportunity to conduct discovery, plaintiffs have provided no factual support for these conclusory allegations such as evidence pointing to the existence of an unconstitutional policy or custom beyond a recitation of the facts underlying the single incident alleged in the complaint.  Individual incidents of unconstitutional action by a non-policymaking employee, however, are insufficient to establish *Monell* liability.  *McDade v. W.*, 223 F.3d 1135, 1141 (9th Cir. 2000).  Plaintiffs have failed to raise a genuine issue of material fact that the officers' conduct was pursuant

1    to an unconstitutional "policy or custom" as required to hold the City liable under § 1983.

2    *See, e.g.*, *Waggy*, 594 F.3d at 713-14 (affirming summary judgment for county where

3    plaintiff failed to provide any evidence of county policy, practice or custom, or of

4    inadequate training and supervision that caused the alleged constitutional injury); *McSherry*

5    *v. City of Long Beach*, 584 F.3d 1129, 1147 (9th Cir. 2009) (affirming summary judgment

6    for city in § 1983 action where plaintiff failed to tender facts of policy or custom other than

7    officers' alleged personal misdeeds); *Justin v. City & Cnty. of San Francisco*, No. 05-cv-

8    4812 MEJ, 2008 WL 1990819, at *6-7 (N.D. Cal. May 5, 2008) (granting summary

9    judgment on § 1983 claim in favor of city where the only support for plaintiffs' *Monell*

10   claim were conclusory allegations and facts showing an isolated incident).

11        Accordingly, the City of San Francisco is entitled to summary judgment on plaintiffs'

12   first and second causes of action under 42 U.S.C. § 1983.

13   **C.    Plaintiffs' Claims under 42 U.S.C. § 1983 against Chief of Police Gascón**

14        The complaint names the Chief of Police of the SFPD, George Gascón, as a defendant

15   in his individual and official capacity.  Dkt. No. 1 ¶¶ 14-17.  Gascón moves for summary

16   judgment on all causes of action brought against him in his individual capacity, on the

17   grounds that plaintiffs have not identified any personal involvement in the incident or any

18   other basis of liability.  The Court agrees that Gascón is entitled to judgment as a matter of

19   law on plaintiffs' § 1983 claims in both his official and individual capacity.

20         An "official capacity" suit against a governmental officer is equivalent to a suit

21   against the governmental entity itself.  *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th

22   Cir. 1991) (citation omitted).  Thus, such an officer could only be liable on the basis of an

23   official policy or custom, or a one-time decision by a governmentally authorized

24   decisionmaker.  *Id.*  Because the Court has found that there is no genuine issue of material

25   fact that the SFPD officers' conduct was pursuant to an unconstitutional policy or custom,

26   Gascón, like the City, may not be held liable under § 1983.  Moreover, "if individuals are

27   being sued in their official capacity as municipal officials *and* the municipal entity itself is

28   also being sued, then the claims against the individuals are duplicative and should be

1   dismissed." *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996); *see*

2   *also Haines v. Brand*, No. 11-cv-1335 EMC, 2011 WL 6014459, at *3 (N.D. Cal. Dec. 2,

3   2011) (dismissing with prejudice § 1983 claims against city employees on the ground that

4   an "official capacity" suit would "only duplicate Plaintiff's claim against the City, as they

5   both depend on the same theory of liability."). Accordingly, summary judgment is

6   appropriate on the § 1983 claims against Gascón in his official capacity.

7        Additionally, as the alleged supervisor of the officers involved in the underlying

8   incident, Gascón may be held liable in his individual capacity under § 1983 if he "was

9   personally involved in the constitutional deprivation or a sufficient causal connection exists

10  between the supervisor's unlawful conduct and the constitutional violation." *Edgerly v.*

11  *City & Cnty. of San Francisco*, 599 F.3d 946, 961 (9th Cir. 2010) (quoting *Lolli v. County*

12  *of Orange*, 351 F.3d 410, 418 (9th Cir. 2003)). Supervisors "can be held liable for: (1) their

13  own culpable action or inaction in the training, supervision, or control of subordinates; (2)

14  their acquiescence in the constitutional deprivation of which a complaint is made; or (3) for

15  conduct that showed a reckless or callous indifference to the rights of others." *Id.* (quoting

16  *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000)); *see also Larez*, 946 F.2d at

17  645-46 (a supervisor's individual liability "hinges upon his participation in the deprivation

18  of constitutional rights," which "may involve the setting in motion of acts which cause

19  others to inflict constitutional injury.").

20       At the hearing on the motion for summary judgment, plaintiffs conceded that Gascón

21  had no personal involvement in the alleged unconstitutional conduct of the officers, and that

22  he was sued based on his alleged implementation of an unconstitutional custom or policy.

23  Plaintiffs' complaint alleges that Gascón was responsible for the supervision, training,

24  and/or discipline of SFPD officers, including the implementation and enforcement of that

25  department's customs, policies, and operational plans or procedures governing the official

26  use of force by SFPD employees, and that he failed to take steps to prevent the officers'

27  actions despite his knowledge of unspecified prior incidents of excessive force. *Id.* ¶¶ 15-

28  16, 39, 42, 44. Plaintiffs, however, have failed to set forth any *facts* linking Gascón to the

constitutional violations at issue in this case.  At the hearing, plaintiffs argued that their

failure to provide facts to support these allegations was due to defendants' refusal to

produce policy documents.  As the Court explained in denying the Rule 56(d) request,

plaintiffs have not established that they were diligent in pursuing this discovery, that the

existence of such documents is more than a speculation, what facts they hope the documents

will reveal, or how they would be essential in showing Gascón's participation in the alleged

unconstitutional conduct.  Because plaintiffs have failed to establish a genuine issue of

material fact as to Gascón's participation in the alleged violations, he is entitled to a

judgment as a matter of law on the § 1983 claims against him in his individual capacity.

**D.    Plaintiffs' State Law Claims**

    Because of the Court's ruling that defendants are entitled to judgment as a matter of

law on the two federal law claims, it is appropriate for the Court to consider whether it

should decline to exercise supplemental jurisdiction over plaintiffs' state law claims under

28 U.S.C. § 1367(c) before turning to the merits of those claims.  *See Carnegie-Mellon*

*Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Acri v. Varian Associates, Inc.*, 114 F.3d 999,

1001 (9th Cir. 1997).  Accordingly, the Court takes defendants' summary judgment motion

on the state law claims under submission pending further briefing by the parties of the

jurisdictional issue as ordered by the Court.

## IV. CONCLUSION

    Accordingly, it is hereby ordered as follows:

    1.    This action is dismissed as to defendant Anthony Batts in his individual and

official capacity.

    2.    The Court GRANTS defendants' motion for summary judgment on plaintiffs'

§ 1983 claims against the City of San Francisco and George Gascón in his official and

individual capacity.

    3.    Defendants' summary judgment motion on plaintiffs' state law claims is taken

under submission.

    4.    By August 14, 2013, plaintiffs may submit a brief addressing the issue of

whether the Court should decline to exercise supplemental jurisdiction over plaintiffs' state-law claims under 28 U.S.C. § 1367(c) and remand the case to state court.  Defendants may submit a brief on this issue by August 19, 2013.  No further briefs on this issue may be filed without leave of Court.

5.     By August 19, 2013, defendants may file an opposition to plaintiffs' motion for leave to file an amended complaint, Dkt. No. 40.

6.     The Court continues the hearing on the summary judgment motion to August 21, 2013 at 1:00 p.m. in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

7.     The August 14, 2013 deadline for the parties to file a joint pretrial statement, *see* Dkt. No. 24, is vacated.  At the August 21 hearing, the Court will also address whether there is a need for any further modifications of the case schedule.

IT IS SO ORDERED.

Date: August 12, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge