1
2
3
4
5
6
7              UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9              SAN FRANCISCO DIVISION

10

11  OLGA ZAMORA, Guardian ad litem for          Case No. 12-cv-02734 NC
    Maria Zamora, and JOSE ZAMORA,
12  Guardian ad litem for Omar Zamora and       **ORDER DENYING PLAINTIFFS'**
    Edgar Zamora,                               **MOTION TO AMEND THE**
13                                              **COMPLAINT AND REMANDING**
                Plaintiffs,                     **CASE TO STATE COURT**
14
         v.                                     Re: Dkt. Nos. 31, 40, 42
15
    CITY OF SAN FRANCISCO and GEORGE
16  GASCÓN,

17              Defendants.

18

19       Pending before the Court are plaintiffs' motion for leave to amend the complaint and

20  defendants' motion for summary judgment on plaintiffs' state law claims.  Because

21  plaintiffs have not shown good cause for seeking to amend the complaint nine months after

22  the deadline to amend the pleadings, the Court DENIES leave to amend.  Having granted

23  summary judgment on plaintiffs' federal law claims, the Court now declines to exercise its

24  jurisdiction over the state law claims and REMANDS the case to state court.

25  //

26
27
28

**I. BACKGROUND**

This case arises from a "night service," "no-knock" search warrant executed by San Francisco Police Department officers at plaintiffs' residence in March 2011. Dkt. Nos. 32-6; 32-8 at 10, 26-27. Plaintiffs initiated this action in the Alameda County Superior Court on March 22, 2012, suing the City of Oakland, Anthony Batts, as Chief of Police of the Oakland Police Department, the City of San Francisco, George Gascón, as Chief of Police of the San Francisco Police Department, and Does 1-100. Dkt. No. 1 at 5. Plaintiffs asserted five causes of action against all defendants, including claims under 42 U.S.C. § 1983 for excessive force and denial of medical care, violation of the Bane Act, California Civil Code § 52.1, and two common law claims for battery and negligence. *Id.* at 13-20. Other than the two chiefs of police, the complaint did not name any individual defendants.

On May 29, 2012, the case was removed to this Court based on federal question jurisdiction. *Id.* at 1-4; 28 U.S.C. § 1331; 42 U.S.C. § 1983. On August 29, 2012, the Court held a case management conference and issued a scheduling order, setting a deadline of October 31, 2012 to amend the pleadings and add parties, and a deadline to complete all non-expert discovery by June 7, 2013. Dkt. No. 24. Trial was scheduled for September 16, 2013. *Id.*

On May 31, 2013, plaintiffs dismissed the action as to the City of Oakland and Batts. Dkt. Nos. 30, 42 at 3:3-8. On June 27, 2013, the remaining defendants moved for summary judgment. Dkt. No. 31. Plaintiffs filed an opposition to defendants' motion, including a request under Federal Rule of Civil Procedure 56(d) for additional time to take discovery. Dkt. No. 33. On August 6, 2013, the night before the hearing on defendants' motion for summary judgment, plaintiffs filed a motion for leave to file an amended complaint. Dkt. No. 40. After holding a hearing, the Court denied plaintiffs' Rule 56(d) request and granted defendants' summary judgment motion as to the § 1983 claims against the City of San Francisco and George Gascón. Dkt. No. 42. The Court then took the summary judgment motion under submission as to the state law claims, pending the parties' briefing as to whether the Court should exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).

## II. DISCUSSION

### A.     Plaintiffs' Motion to Amend the Complaint

Plaintiffs seek leave to amend their complaint "to include the names of all of the police officers directly involved in occupying Plaintiffs' residence." Dkt. No. 40 at 2. Defendants oppose the amendment on several grounds, including inexcusable delay. Dkt. No. 44. The Court finds that plaintiffs have failed to demonstrate diligence in seeking the proposed amendment and therefore denies their motion for leave to amend for lack of good cause.

Federal Rule of Civil Procedure 15(a) provides generally that leave to amend the pleadings before trial should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this rule, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation omitted). When a plaintiff seeks to file an amended complaint after the deadline set forth in a court's scheduling order, however, the plaintiff's ability to amend the complaint is "governed by Rule 16(b), not Rule 15(a)." *Id.* at 608. Although the existence or degree of prejudice to the party opposing the amendment might supply additional reasons to deny a motion, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. . . . If that party was not diligent, the inquiry should end." *Id.* at 609 (citations omitted); *see e.g.*, *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000) (district court did not abuse its discretion in denying employees' motions to amend their complaints after deadline for amending pleadings had expired where they offered no explanation for their failure to amend earlier; while prejudice to defendant from the need to reopen discovery supplied an additional reason to deny the motion, it was not required); *Arellano v. T-Mobile USA, Inc.*, No. 10-cv-05663 WHA, 2012 WL 1496181, at *2 (N.D. Cal. Apr. 27, 2012) (denying leave to amend complaint where plaintiff sought to add new plaintiff and allege new claims but made no attempt to demonstrate good cause for having missed the deadline to amend by ten months).

1   Here, plaintiffs filed their motion for leave to amend the complaint on the night
2   before the hearing on defendants' motion for summary judgment, approximately two
3   months after the deadline to complete non-expert discovery and nine months after the
4   expiration of the deadline to amend pleadings set forth in the Court's scheduling order.
5   Dkt. No. 24. Plaintiffs' motion argues that leave to amend should be freely granted under
6   Rule 15(a)(2) and does not even acknowledge that plaintiffs have missed the deadline to
7   amend the pleadings, much less attempt to show good cause under Rule 16(b)(4).

8   Plaintiffs blame their delay in seeking to amend the complaint on defendants for
9   having "failed to produce a single deponent, and failed to identify the responsible officers in
10  their written discovery responses." Dkt. No. 40 at 4. However, the burden was on plaintiffs
11  to prosecute their case properly. *See Johnson*, 975 F.2d at 610. If defendants failed to
12  participate in discovery as plaintiffs now assert, plaintiffs should have timely sought relief
13  from the Court and filed a motion to compel, if appropriate. The record instead shows that
14  plaintiffs have not been diligent in seeking to amend their complaint or pursuing the
15  discovery they now claim is necessary to support such an amendment. The joint case
16  management conference statement filed by the parties in August 2012 stated that plaintiffs
17  "do not currently contemplate amending their pleadings." Dkt. No. 21 at 5. Plaintiffs'
18  motion for leave to amend is at odds with this prior representation, and does not show that
19  plaintiffs made any effort to comply with the deadline to amend the pleadings set by the
20  Court. Plaintiffs also have provided no reason why they waited more than a year since the
21  filing of the case and until three weeks before the discovery cut-off to notice the depositions
22  of the officers involved in the incident. Dkt. Nos. 39 ¶¶ 3, 12, 22; 40-1 ¶ 5. The proposed
23  amended complaint merely lists the names of the officers that appeared on the incident
24  reports produced by the City of Oakland around August 2012 as part of the initial
25  disclosures in this case. Dkt. Nos. 37 ¶¶ 7-8; 37-1 at 1-6; 39 ¶ 5; 40 at 7.

26  Because of plaintiffs' inexcusable delay and failure to show diligence, their motion
27  for leave to amend the complaint is denied for lack of good cause.

28  //

1

**B.     Plaintiffs' State Law Claims**

Because the Court previously granted defendants' summary judgment motion as to the § 1983 claims, Dkt. No. 42, the only claims remaining in this case are plaintiffs' claims under California law for battery, negligence, and violations of California Civil Code § 52.1. A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

The Court finds that this case presents the usual balance of factors and that the circumstances do not justify the exercise of jurisdiction over the state law claims.  The resources expended by the Court on this case have not been significant and have consisted primarily in ruling on the motion for summary judgment as to the federal law claims, plaintiffs' related request for discovery under Rule 56(d), and the motion for leave to amend the complaint.  Remanding the state law claims to state court, therefore, will not cause undue duplication of effort.  The Court also is not persuaded by defendants' arguments that remanding the case would somehow lead to waste of the parties' resources expended in investigating the case, conducting discovery, and briefing the motion for summary judgment.  *See* Dkt. No. 44 at 4-6.  Accordingly, the Court declines to exercise supplemental jurisdiction over the state law claims and remands the case to state court.

### III. CONCLUSION

Plaintiffs' motion for leave to amend the complaint is denied.  The first and second causes of action against defendants  City of San Francisco and George Gascón (for excessive force and denial of medical care under 42 U.S.C. § 1983) are dismissed with prejudice as a result of the Court's order granting summary judgment on those claims, Dkt. No. 42.  The Court declines to exercise supplemental jurisdiction over plaintiffs' remaining

1    state law claims and does not rule on defendants' summary judgment motion, Dkt. No. 31,

2    with respect to the state law claims.  The Court orders the case remanded to the Superior

3    Court of California, County of Alameda.   The clerk is directed to terminate all deadlines

4    and this case.

5        IT IS SO ORDERED.

6        Date: August 26, 2013

7                                                    Nathanael M. Cousins
                                                      United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28